Thong v. Lynch

BIA
Laforest, IJ
A087 385 895

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

BOAY THONG,
> *Petitioner*,

> v.                                              13-3147
>                                                  NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:       Edward J. Cuccia, Ferro & Cuccia, New York, NY.

FOR RESPONDENT:       Stuart F. Delery, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Boay Thong, a native and citizen of Malaysia, seeks review of a July 19, 2013, order of the BIA, affirming the April 25, 2012, decision of an Immigration Judge ("IJ"), which denied withholding of removal. *In re Boay Thong*, No. A087 385 895 (B.I.A. July 19, 2013), *aff'g* No. A087 385 895 (Immig. Ct. New York City Apr. 25, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Contrary to Thong's assertions, the agency reasonably determined that she failed to establish past persecution. The BIA has defined persecution as "a threat to the life or

2

freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *In re Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). A past-persecution finding may be based on something other than harm to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id.*

As an initial matter, the agency did not err in finding that Thong failed to establish past persecution on the basis of the 1969 riots in Malaysia. Though Thong testified that she and her family went into hiding and lived in panic for the duration of the riots, the agency reasonably observed that the riots occurred over forty years ago and that neither Thong nor her family were harmed as a result. *See id.; Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011)

3

("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citations omitted)).

The agency also did not err in finding that Thong failed to establish past persecution on the basis of the economic discrimination she endured. The BIA reasonably determined that Thong's factual allegations were insufficient to establish the "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (internal quotation marks omitted) (noting petitioner failed to show substantial economic disadvantage because he provided "no facts that would make it possible[] to evaluate his personal financial circumstances in relation to" the alleged economic harm); *accord In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007). Here, Thong failed to submit any evidence of her personal financial circumstances from which to assess the impact of the alleged economic discrimination. Moreover, Thong claimed that she experienced economic disadvantage only until she obtained Malaysian citizenship at the age of twenty-one, and but for an error her father made in filling out paperwork, she could have obtained

4

citizenship at or around the age of thirteen.  Accordingly, even considering her experiences in the aggregate, Thong failed to establish that she suffered extreme harm amounting to persecution.  *See Mei Fun Wong*, 633 F.3d at 72; *Ivanishvili*, 433 F.3d at 341.

Lastly, the agency did not err in determining that Thong failed to establish a likelihood of future persecution. The agency found that her fear of persecution was undermined because her family remained in Malaysia unharmed and because country conditions did not support a likelihood of persecution.  Those findings, which Thong does not specifically challenge, are supported by the record, and provide an adequate basis for determining that Thong failed to make the requisite showing.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding claim of well founded fear of persecution diminished where similarly situated family members remain in the applicant's native country unharmed); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent "solid support in the record," a fear of persecution is "speculative at best").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk